

NOV – 4 2009

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

COREY E. JOHNSON,

      Petitioner,

v.                                            Civil Action No. **3:09CV515**

LORETTA K. KELLEY,

      Respondent.

### MEMORANDUM OPINION

Petitioner, a Virginia prisoner proceeding *pro se*, submitted this motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(3).

Petitioner was convicted in the Circuit Court for the City of Richmond ("Circuit Court"), of two counts of murder and two counts of use of a firearm in commission of those offenses. This Court previously has dismissed a § 2254 petition by Petitioner challenging the above described convictions. *See Johnson v. Kelly*, No. 3:07cv00731, 2008 WL 3992638, at *1-2 (E.D. Va. Aug. 28, 2008). The Court concluded that Petitioner had procedurally defaulted his claims for relief. On June 11, 2009, the Court received from Johnson a motion under Rule 60(b)(3), wherein he again directly challenged his convictions for the above offenses. Therefore, by Memorandum Opinion and Order entered on August 6, 2009, the Court concluded that Johnson's Rule 60(b)(3) motion was an unauthorized, successive petition for a writ of habeas corpus and dismissed action for lack of jurisdiction. *See Johnson v. Kelley*, No. 3:00cv00369, 2009 WL 2448001, at *1 (E.D. Va. Aug. 6, 2009).

On August 12, 2009, the Court received the instant motion for relief under Rule 60(b)(3) from Petitioner. In that motion, "Petitioner asserts that a previous ruling which precluded a

merits determination was in error . . . ." (Rule 60(b)(3) Mot. at 2 (capitalization corrected.)

Petitioner, however, does not substantiate this charge or even discuss why the Court

determination that his claims were procedurally barred was in error.   Rather, he contends that he

is entitled to relief because of alleged errors and fraud occurring in his state court proceedings.

The Supreme Court observed that although fraud on the federal habeas court may justify Rule

60(b) relief, the fraud must relate "'to the integrity of the federal habeas proceeding, not to the

integrity of the state'" proceedings. *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.5 (2005) (*quoting*

*Rodriguez v. Mitchell*, 252 F.3d 191, 199 (2nd Cir. 2001)).   Because Petitioner has not coherently

articulated any valid basis for 60(b) relief with respect to this Court's prior decision, and he

appears to claim entitlement to relief upon alleged errors in the state court proceedings, it is

appropriate to construe the motion as a successive, unauthorized 28 U.S.C. § 2254 petition. *See*

*Jean-Louis v. La. State Penitentiary*, No. 6:08cv00481, 2009 WL 3180140, at *3 (W.D. La. Sept.

29, 2009).  Because the Court lack jurisdiction to entertain such a petition, it will be

DISMISSED WITHOUT PREJUDICE to Petitioner refiling a proper Rule 60(b) motion.

An appropriate Order shall issue.

Date: **NOV - 4 2009**
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge

2